UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY LEE SEALE,<br><br>               Plaintiff,<br>    v.<br><br>PIERCE COUNTY SHERIFF, et al.,<br><br>               Defendants. | Case No. 3:21-cv-5917-JHC-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>July 22, 2022</u> |

This matter is before the Court on Plaintiff's failure to update his address with the Court. Dkt. 19. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). For the reasons set forth below, the undersigned recommends that the Court dismiss this matter without prejudice for failure to prosecute under LCR 41(b)(2).

Five factors are considered when the Court decides whether to dismiss a lawsuit for lack of prosecution: "'(1) the public's interest in expeditions resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988), (*quoting Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)).

REPORT AND RECOMMENDATION - 1

In this situation, on April 11, 2022, the Clerk of Court mailed a Minute Order Reassigning Case to plaintiff. *See* Dkt. 17. The mailing was returned as undeliverable on April 19, 2022. Dkt. 18. On June 2, 2022, the Court issued an order requiring plaintiff to update his address by June 24, 2022 or face dismissal of this matter without prejudice. Dkt. 19. That order was also returned as undeliverable. Dkt. 20.

The Court has discretion to dismiss without prejudice under Local Rule 41:

> A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address . . .. If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service . . . and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing . . . address, the court may dismiss the action without prejudice for failure to prosecute.

Local Rules, W.D. Wash., LCR 41(b)(2). Further, "a defendant may move for dismissal of an action or of any claim against" the plaintiff "[f]or failure to prosecute or to comply with" the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b). Plaintiff "bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).

Here, mail was first returned to the Court as undeliverable to the address provided by plaintiff more than 60 days ago. To date, plaintiff has not responded to the Court's order requiring that he provide an updated address. Accordingly, the undersigned recommends that, pursuant to LCR 41(b)(2), the Court dismiss this action without prejudice for failure to prosecute. In light of the recommended dismissal, the Court also recommends that defendant' motion to dismiss (Dkt. 14) be denied without prejudice as moot.

REPORT AND RECOMMENDATION - 2

## CONCLUSION

For the reasons discussed above, the Court recommends that this action be DISMISSED without prejudice, and that defendants' motion to dismiss (Dkt 14) be DENIED without prejudice as moot.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **July 22, 2022**, as noted in the caption.

Dated this 5th day of July, 2022.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3